UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20648-CR-SEITZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CARLOS MAURICIO ABARCA,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about April 14, 2010, court-appointed defense counsel John W. Wylie ("Counsel") submitted a voucher, No. FLS 10 2294 ("the voucher"), with appended time sheets requesting $19,655.66 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Mr. Wylie began representing Defendant Carlos Mauricio Abarca ("Defendant") on August 3, 2009 when he was a lawyer in the Office of the Federal Public Defender. Counsel later left the Office of the Public Defender to enter into private practice and continued representing Defendant as CJA counsel. **[See DE # 14]**. Counsel represented Defendant for six (6) months from his appointment on August 3, 2009 until February 23, 2010.

Counsel seeks $19,655.66, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 79]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for

the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total

processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to be compensated in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

This case originally began with a criminal Complaint on July 17, 2009. **[See DE # 1]**. Defendant was later indicted on July 30, 2009. **[See DE # 8]**. The Indictment contained three counts. The government alleged that Defendant knowingly attempted to persuade, induce and entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). The government further alleged that Defendant knowingly attempted to transfer obscene material to a minor on two separate occasions in violation of 18 U.S.C. § 1470. Defendant faced a maximum sentence of life imprisonment for Count I and a term of ten (10) years per count for Counts II and III.

The matter proceeded to trial. The trial took place from November 30, 2009 through December 4, 2009, lasting five (5) days. The jury returned a verdict on December 7, 2009. The jury found Defendant guilty on all counts. **[See DE # 51]**. Defendant was sentenced on February 16, 2010 to a term of 120 months for each count, with all terms to run concurrently. **[See DE # 63]**.

At the time that Counsel filed his voucher with the Court, he provided a detailed Letter of Explanation dated April 8, 2010 (the "Letter of Explanation") explaining the work he performed in this case. In the Letter of Explanation, Counsel explains why the Court should

consider this case extended and award him compensation in excess of the CJA maximum amount. Counsel writes that "[s]everal factors made this representation a little unusual and resulted in a relatively large expenditure of time." (Letter of Explanation at 1).

First, discovery in this case was "voluminous." (Letter of Explanation at 1). This case involved such a large amount of discovery because the evidence against Defendant "consisted in part of numerous communications between [Defendant] and an undercover police officer." (Letter of Explanation at 1). The communications "lasted for eight months and included months of text messages, phone calls, emails, online chats and the corresponding transcripts." (Letter of Explanation at 1). The discovery also included phone records for two phones owned and used by Defendant during the eight (8) month long investigation. (Letter of Explanation at 1). Consequently, Counsel was required to review hundreds of pages of communications and transcripts in order to prepare a defense in this case.

Second, following Defendant's arrest, Defendant gave a statement to the authorities that lasted for eight (8) hours. Counsel explained that review of Defendant's "recorded statement [required] the expenditure of a considerable amount of time" because the "statement was a crucial piece of evidence that needed to be thoroughly and completely analyzed." (Letter of Explanation at 1). Further, Counsel incurred a large amount of time researching the admissibility of the post-arrest statement into evidence.

The third reason that this case involved complex representation is because this case presented a number of "novel legal issues" that Counsel was required to research. As Counsel explained, he "engaged in protracted pretrial discussions regarding the admissibility of evidence", including the admissibility of Defendant's post-arrest statement. (Letter of

Explanation at 1). Counsel also incurred a substantial amount of time researching the "type and quantity of evidence required to prove intent" under the statute at issue in the case because Defendant was "arrested prior to meeting the victim in person." Counsel needed to "determine at what point the law deems communication with a victim to constitute the commission of a crime." (Letter of Explanation at 2). According to Counsel, this issue involved a an "area of the law [that] is evolving" thus requiring substantial research. (Letter of Explanation at 2).

Fourth, Counsel incurred a large amount of time in this case because he "did more than simply investigate the government's witnesses and prepare for its case-in-chief. It was necessary to interview numerous potential defense witnesses to prepare for trial. Ultimately, the defense called five witnesses at trial." (Letter of Explanation at 2). Lastly, Defendant's trial lasted five days. This is longer than the average case.

Based upon my review of the docket, the record, Counsel's time sheets and the filings in this case, I conclude that Counsel's involvement in this case required more time for processing than the average case. As a result, the representation of Defendant in this case is properly considered complex. I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel documented 41.0 in-court hours using the hourly rate of $110.00/hour and 0.9 in-court hours at the rate of $125.00 for a combined total of $4,622.50. After verifying the in-court hours, the CJA

administrator made no changes to the number or the total dollar amount of in-court hours claimed by Counsel.

The CJA administrator also reviewed the $14,895.50 Counsel billed for out-of-court hours. In the voucher, Counsel sought compensation for 21.2 hours spent in "Interviews and Conferences", 83.5 hours for "Obtaining and reviewing records" and 22.8 hours for "Legal research and brief writing." Counsel further sought $137.66 in "Other Expenses."

The CJA administrator made a few changes to the out-of-court hours listed in the voucher. The CJA administrator increased the total number of hours spent for "Interviews and Conferences" to 27.3 (from 21.2 hours) and for "Obtaining and reviewing records" to 83.6 (from 83.5 hours). The CJA administrator also reduced the total amount requested by Counsel for "Other Expenses" to $132.26 (from $137.66). After making the above described adjustments, the CJA administrator concluded that the total amount sought by Counsel increased to $19,661.26 from $19,655.66, including $14,906.50 for out-of-court hours.

### In-Court Hours[1]

Counsel seeks a total of $4,622.50 for 41.9 in-court hours (41.0 hours at a rate of $110.00 per hour and 0.9 hours at a rate of $125.00 per hour). The CJA Administrator made no correction to this calculation. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel seeks $14,895.50 for 127.50 out-of-court hours. The CJA administrator reviewed the voucher and increased the total amount sought for out-of-court

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

hours to $14,906.50. The CJA administrator noted that Counsel actually documented 120.4 out-of-court hours at $110.00 per hour and 13.3 hours at a rate of $125.00 per hour for a total of 133.7 hours. I have reviewed the time sheets provided by Counsel and the CJA administrator's corrections. I agree with the adjusted figures of the CJA administrator and conclude that the time sheets submitted actually document a total of $14,906.50 for out-of-court hours.

The CJA administrator found that all entries listed by Counsel in his time sheets were appropriate under both the Guidelines and the "Supplemental Instructions for Completing CJA20 Vouchers" form. I, too, have thoroughly reviewed Counsel's voucher and time sheets and conclude that all of Counsel's time entries are appropriate and compensable under the CJA. Accordingly, I recommend that Counsel should be paid $14,906.50 for the out-of-court time he incurred in this case.

### Expenses

Counsel sought $137.66 in "Other Expenses." The CJA administrator decreased the amount of "Other Expenses" to $132.26. I approve the CJA administrator's correction and approve the amount of $132.26.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. For the reasons detailed above, I conclude that it is appropriate that Counsel be reimbursed in an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Letter of Explanation submitted by Counsel, the docket and the filings in this case, I RECOMMEND

that Counsel be paid $19,661.26 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 15 day of July, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    John Wylie, Esq.
    Lucy Lara, CJA administrator